JOSEPH M. MOOR *and another versus* BRACKLEY SHAW *and another.*

Where a Judge, at *nisi prius*, allows an amendment to specifications of defence, his determination is final, and not subject to exception.

In an action for flowage, all the owners of the dam complained of should be joined in the process to obtain damages, and all the co-tenants of the land alleged to be flowed should join in the complaint.

The complaint for flowage is not an action at law, but *sui generis*, resembling more a process in equity; and if all the owners of the dam occasioning the flowage are not joined in the complaint, the process should not abate, but the complaint be amended, and the other owners be summoned in.

ON an AGREED STATEMENT OF FACTS.

This was a complaint for flowage occasioned by a mill-dam, entered at April term, 1859. At April term, 1860, the case came on for trial, and the defendants pleaded that they were not the owners or occupants of the said dam or mill as alleged in the complaint, and filed a brief statement that during all the time mentioned in the complaint, and at the commencement of the suit, Fayette Shaw and Major Lord of Detroit, were owners in common with the defendants of said dam or mill, and that the latter was the sole owner of another mill on the same dam, and which was operated by means of the head of water raised thereby, which dam and head of water were necessary for Lord's mill.

The complainants objected to the admission of evidence for the defendants under the brief statement, because it should have been pleaded in abatement, and because no notice had been given of the point in the specifications of defence.

The presiding Judge allowed the defendants to amend their specifications so as to embrace the point.

The complainants then asked leave to summon in the other owners or occupants named in the brief statement, admitting its truth.

The case was submitted to the full Court, to determine whether the brief statement, made at such a stage of the case, can avail the defendants, and whether the complainants may have the leave asked for, to summon in the other owners; if not, the complaint to be dismissed with costs for the defendants, otherwise to stand for trial.

*C. S. Crosby,* for the complainants.

*Josiah Crosby,* for the respondents, cited R. S., c. 82, § 18; c. 81, § § 1, 12; *Hill* v. *Baker,* 28 Maine, 9; *Tucker* v. *Campbell,* 36 Maine, 346; R. S., c. 82, § 12.

The opinion of the Court was drawn up by

KENT, J.—The specifications were amended by leave of the Court; and the determination of the presiding Judge on this matter was final, and not subject to exception.

It was decided in *Hill* v. *Baker,* 28 Maine, 9, that all the owners of the mill-dam complained of should be joined in the process to obtain damages occasioned by the flowage of land. It was also decided in *Tucker* v. *Campbell,* 36 Maine, 346, that all the co-tenants of the land specified in the complaint as injured by flowing, must join as plaintiffs or complainants.

In this case, the defendants plead that they are not owners or occupants, and, in their brief statement, allege that there are other owners and occupants, not named in the complaint. The brief statement also gives the names of the other own-

ers. The question is, whether this should not have been pleaded in abatement.

If this were an action at common law, it is clear that the objection, even if taken by plea in abatement, would not avail. 28 Maine, 9, before cited. But the process is not an action at law. It is *sui generis*, in its nature, partaking of some of the elements of a suit at law, but resembling much more a process in equity. It is not commenced by writ, but by a bill of complaint. The judgment is not, as in a case at law, for damages actually sustained at the date of the process, but it fixes, in addition to such damages, the yearly damages thereafter; the height of the dam; the time allowed in which to flow; and there is also a provision for future proceedings to increase or diminish the damages.

In the case of *Hill* v. *Baker*, before cited, the Court takes this view of the nature of the process, and says, that it is not as *tort feasors* that the defendants are complained of, but that "the process is rather in the nature of a bill in equity to obtain redress for the injury occasioned by the flowing, and to obtain that which is, in effect, an injunction against an unreasonable exercise of the right of flowage."

Viewed in this light, the strict rules of pleading, applicable to suits at law commenced by writs, cannot apply; but the rules in cases in equity *do* apply. When, in such cases, it appears that other persons, not named, should be parties to the bill, they may be summoned in, and proper amendments may be made.

In this case, we think that the other owners should be joined as respondents, but that the process should not abate, but leave should be granted to summon in the other owners named, and to amend the complaint accordingly. As the defendant did not specify this objection, as to non-joinder, in his original specifications, the amendment is to be without terms as to costs. *The case to stand for trial.*

TENNEY, C. J., and RICE, APPLETON, CUTTING, and MAY, JJ., concurred.